Mr. Justice Scott, delivered the opinion of the court. The demurrer of the plaintiff in error to defendant, Ruddell’s plea in abatement, presents the question whether or not the fact of the death of McFeltch, who, though dead before the suing out of the writ of error in this case, was nevertheless made a co-defendant as if in life, without any suggestion of his death in the writ, is sufficient to quash the entire writ of error. This question, presented as it is by a demurrer to a plea in abatement setting it up, is a dry point of law to be determined solely on principle and authority. The writ of error is an original writ performing the double office of a certiorari to remove the cause from the inferior Court, and of presenting upon the record of the Court of Error, to which it is removed, the parties who are to litigate in that Court; and to answer this double purpose it must necessarily describe with accuracy the cause as it existed in the Court below, at the same time that, as the leading process in the suit in error, it must with equal accuracy present in this suit the proper parties litigant.— To secure the return of the writ that, with it, a transcript of the proceedings below may be brought into the Court of Errors, the penalty of contempt is held over the head of the Clerk of the inferior Court. The cause being nowin the Court of Errors and the parties to the contest in that Court designated, the next object of the law is to secure their prompt appearance, that both sides may be heard; and, to accomplish this, ample provision is made in requiring at the hands of the plaintiff in error, under penalty of the dismissal of his suit, an assignment of errors within the first four days of the term to which the writ is returned, thus superseding the writ of scire facias quare executionam non of the common law; and, under like penalty, that he shall at or soon after the time of suing out the writ of error, also sue out a notice to the adverse party to do the office of the displaced writ of scire facias ad audiendum errores. Like every other tribunal for the dispensation of justice, a Court of Errors must necessarily affect the interest of parties by its action upon the cause, and therefore when a cause is to be heard in this forum the presence of the parties in interest, or an opportunity to be present, that they may be heard, is as much demanded by the dictates of justice as in the other Courts; and these must necessarily be presented upon the record of the suit in error, at some preliminary stage of its progress, and if notdone at the very commencement of the suit in error, the practice of this Court, in this particular, would be a departure from the usual course of procedure in all the other common law courts ; and for such a departure no sufficient reason can be perceived.— Accordingly we find the authorities to indicate strongly that this must be done. As to the parties plaintiff, the decisions of the courts, irrespective of our Statutory provisions on the subject, are numerous and emphatic that “ All who should have the thing for which the judgment was erroneously given, if the judgment had not been given” must join as plaintiffs in the writ oí error, if alive, and if any of them be dead, their death must be suggested in the writ, and those who survive and the privies of all of them, if there be such, must be named as plaintiffs, and the reason assigned is that justice would otherwise be delayed by successive writs of error; and so inflexible is this rule that even when but one of several, against whom a judgment may be rendered shall be willing to prosecute a suit in error, still the writ must be sued out in the name of all who may be alive, and the death of those who may be dead suggested on the face of the writ, and those who refuse to prosecute the suit in error, must be summoned and severed. This, not only that their right to institute the suit in error may be authoritively renounced, but that it may in the court of errors appear who are the real parties plaintiff in the suit in that Court. This, being the well settled rule as to the plaintiffs in a suit in error, it is difficult to conceive of a good reason why a different rule should prevail as to the defendants, as they must necessarily appear upon the record at some preliminary stage of the proceeding, and if the uniform practice of all the other common law courts did not, in general, present upon the record the parties defendant at the same time the parties plaintiff were thus presented, and thus present a reason for uniformity here, the notice required by our Statute to be sued out and served upon the adverse party would seem to contemplate that the adverse party had been previously designated. We take it to be clear, therefore, that the same rule as to parties defendant in .a suit in error must prevail as we have shown to be inflexibly settled as to parties plaintiff. The writ of error then presenting the parties, both plaintiff and defendant to the suit in error, and conforming- in this particular to the suit below, except in excluding all parties who may be dead, and as to these suggesting on its face their death, the next question to be solved, to settle that which we have to determine, is whether or not the failure to suggest the death of a plaintiff or defendant who might have been dead before the suing out of the writ of error, and the presenting of such deceased party as a co-plaintiff or co-defendant as in life, would be fatal to the writ, if presented to the court by plea in abatement. And if writs of error are to be governed by the rules of law which govern other writs that perform like offices. This question seems to be settled by authority that cannot be disregarded. And we are not able to perceive why a writ of error, being as it is the leading process in the suit in error, and performing the office we have shown, can by any process of just reasoning be exempt from these rules. In Chitty, Archbold, Gould, and Story’s Pleading, sustained by numerous authorities cited by each of these authors, it is distinctly laid down as the law that the death of a co-defendant before writ purchased, even in actions in which the death of one defendant pending the action is no cause for abatement, will abate the whole writ for the reason that “the writ was always false.” 1 Chitty Plead. 452. Arch. Civil Plead. 291. Gould’s Pl. Ch. 5, Sec. 92. 58. Story’s Pl. 103. Nor can it avail the plaintiff that by order of court the suit had been previously abated as to the dead party onvaw.suggestion of death generally, thereby seeking shelter under 'thhflayision of the statute for deaths that occur pending the suit: forfwhenever the death of a co-defendant before the commencement of the suit is shown to the court by demurrer to a plea in abatement setting up this fact, it must be adjudged, that the writ was false from the beginning and will be quashed, although by timely application to amend, the amendment would have been readily allowed. We hold then that under the rules of law the plaintiff’s demurrer must be overruled and the writ of error quashed.